CHARLES BOUTON & another *vs.* SAMUEL G. REED.

Evidence of the value, for a special use, of goods sold and retained by the purchaser is inadmissible in an action for the price.

. ACTION OF CONTRACT for goods sold and delivered. Trial in the court of common pleas at March term 1859, before *Sanger,* J., who signed this bill of exceptions :

" The goods in question were stock to be used for the manufacture of wheels. Portions of the stock were brought into court by the defendant as samples of the goods received. There was no question but that the goods had been received and kept by the defendant. The defence was, that they were not of the kind ordered or value charged.

" At the trial the following question was put in the direct examination of the defendant, who was on the stand as a witness : ' What was such stock as the samples worth per set, for wheels, at the time of delivery ? ' This question was objected to by the plaintiffs' counsel, because the rule of damages and the proper subject of inquiry should be the market value or price at the time the articles were delivered. The objection was sustained by the court, and the defendant's counsel was not allowed to put the question in that form. He then varied the question, and put it in the following form, ' What was the market value of that kind of stock for wheels at that time ? ' And the question was answered by the witness. The jury found for the plaintiff. To this ruling of the court the defendant excepted."

*E. B. Stoddard,* for the defendant. When goods are fur nished for a particular purpose, there is a warranty that they will answer that purpose. Chit. Con. (8th Amer. ed.) 391. *Jones* v. *Bright,* 5 Bing. 533. The plaintiffs, not having fulfilled the order, can only recover what the goods furnished were reasonably worth for the purposes intended by the order. *Hoadly* v. *M'Laine,* 10 Bing. 487. *Acebal* v. *Levy,* 10 Bing. 382. Story on Sales, § 221 note. 3 Phil. Ev. (6th Amer. ed.) 112. The question which was ruled out admitted of an answer as to

the value of the goods for the manufacture of wheels at the place of delivery; but the ruling of the court confined the defendant to showing a value in a general market.

*D. Foster*, for the plaintiffs, cited *Loder* v. *Kekulé*, 3 C. B. (N. S.) 128; *Gray* v. *Portland Bank*, 3 Mass. 390; *Coolidge* v. *Choate*, 11 Met. 84.

SHAW, C. J. The judge was quite right in deciding that the question was not admissible in the form in which it was first put. Whether, when goods are ordered for a special use, there is an implied warranty on the part of the seller that they are fit for that use, was wholly immaterial, because no such order was stated or relied on; of course, no such warranty could arise. The action is for goods sold and delivered. It is conceded that the defendant received the goods and retained them. The law implies an obligation to pay their value, *quantum valebant*. If they were ordered for a special purpose, and were not fit for such purpose, the defendant's remedy was to return them or decline receiving them. Such a refusal to accept would enable the party ordering them to recover back the price, if paid; or afford him a good defence to an action for the price. But he may prefer to keep them, and apply them to some other use, or sell them; and if he does, he must pay their actual value, that is, what they were worth at the time and place of delivery, for any purpose. *Exceptions overruled.*